IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jackqulin Timmons, | ) | C/A No. 3:09-652-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richland County Sheriff Office, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Jackqulin Timmons ("Timmons"), filed this matter alleging retaliation in violation of her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. by her former employer, the Richland County Sheriff's Office. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 79.) The plaintiff filed a response in opposition (ECF No. 95) and the defendant filed a reply (ECF No. 99). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**BACKGROUND**

The only claim properly before the court in this matter is Timmons's claim that she suffered unlawful retaliation when she was terminated after filing an EEOC charge in November of 2006. The following facts are either undisputed or taken in the light most favorable to the plaintiff.

Timmons is a former Richland County sheriff's deputy. She was employed by the Richland County Sheriff's Office for approximately ten years serving in various positions. In the fall of 2006



Timmons complained to her supervisors of discrimination based on the fact that she was not permitted to keep her official vehicle when she was placed on modified duty status following an injury. She filed a formal charge of discrimination ("2006 EEOC Charge") on November 14, 2006. The sheriff's office was notified of the 2006 EEOC Charge approximately two weeks later on November 30, 2006. On January 9, 2007, Timmons was demoted in rank[1] from Investigator to Senior Deputy. Additionally, she was placed on night duty and required to work a twelve-hour shift rather than the eight-and-a-half-hour shift she was previously assigned. Timmons complained to her supervisors. She further asserts that she was required to wear a duty belt with her uniform even though it aggravated her back pain. On March 24, 2007, Timmons received a telephone message stating that she had been terminated; however, Timmons apparently kept her job at that time. She was issued a right-to-sue letter on July 26, 2007 regarding the 2006 EEOC Charge and underwent surgery on her back in late August of 2007.

    On or around September 4, 2007, Timmons was reminded of a mandatory semi-annual meeting with the Sheriff on September 7, 2007. Timmons complained about not being able to afford gasoline to drive to the meeting and also about having to work a twelve-hour night shift and then attend the meeting when she would be groggy from the effects of her medication. Timmons did not, however, seek the Sheriff's prior permission to be excused from the meeting. Following her complaints, Timmons was informed by her supervisor that he would arrange for someone to pick her up and drive her to the meeting. According to Timmons, no one ever contacted her about giving her a ride to the meeting. Timmons missed the meeting and was subsequently terminated. In October

---

[1] Her salary was not reduced.

2007, Timmons filed a second EEOC charge asserting only that she was terminated in retaliation for filing the 2006 EEOC Charge. This action followed.

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine



whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Burden-Shifting Framework**

A plaintiff seeking to prove an unlawful employment action may produce circumstantial evidence and proceed under the McDonnell Douglas burden-shifting framework. Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII). The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142. Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, " 'the McDonnell Douglas frame-work—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*.' " Id. (internal quotation marks & citations omitted).

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of



persuading the court that [the plaintiff] has been the victim of intentional discrimination.'" Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

**C.    Timmons's Retaliation Claim**

Title VII's anti-retaliation section provides in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or



participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).  Here, even assuming Timmons can establish a *prima facie* case of retaliation, the defendant has proffered a legitimate, nondiscriminatory reason for her termination.[2] With regard to her termination, the Sheriff's Office contends that Timmons was discharged for failing to attend the mandatory September 7 meeting.  The record does not contain sufficient evidence from which a reasonable jury could find that this reason was a pretext for retaliation. Although Timmons argues that the Sheriff's Office offered at various times inconsistent reasons for her termination, thus tending to show pretext, the record shows that the proffered reasons do not conflict, but rather further explain the Sheriff's decision.  The initial document memorializing Timmons's termination stated, "No longer my pleasure to have her employed." (Personnel Action Form, ECF No. 95-2 at 16); see S.C. Code Ann. § 23-13-10 (providing that the "appointment [of a deputy] shall . . . continue during [the sheriff's] pleasure"); Botchie v. O'Dowd, 432 S.E.2d 458, 460 (S.C. 1993). Timmons does not dispute that during the EEOC investigation the Sheriff's Office gave as the specific reason for terminating Timmons her failure to attend the mandatory meeting.  This

---

[2] The defendant points out that any claim based upon alleged acts of retaliation other than Timmons's termination is not within the scope of Timmons's EEOC Charge and therefore is not exhausted.  See, e.g., Clarke v. O'Neil, 81 F. App'x 775, 776 (4th Cir. 2003) (holding that a district court did not err in failing to consider the alleged wrongful acts set forth in various affidavits as none of these acts was asserted in the EEOC complaint alleging three acts of disparate treatment); (2007 EEOC Charge, ECF No. 95-4 at 5).  Based on its conclusion below, the court need not address this argument, but observes that even if the other alleged acts of retaliation were properly before the court, the defendant has also offered legitimate, nondiscriminatory reasons for each of those actions. For example, with regard to Timmons's demotion and assignment to a twelve-hour night shift, the record shows that Timmons's medical situation necessitated her placement in a "desk job," and the only available such assignment was a Senior Deputy position.  As to the alleged requirement that Timmons wear her duty vest, the Sheriff's Office has presented evidence that it in fact approved Timmons's request not to wear it.  (ECF No. 79-7 at 3.)



is the same reason offered during the instant litigation and merely elaborates on the Sheriff's statement, expressed in the statutory language, that it was no longer his pleasure to have Timmons serve as a deputy.  See Loeb v. Best Buy Co., Inc., 537 F.3d 867, 974 (8th Cir. 2008) (quoting Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 855 (8th Cir. 2005) ("While it is true that [s]ubstantial changes over time in the employer's proffered reason for its employment decision support a finding of pretext this does not mean that an employer cannot elaborate on its proffered reason."), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011)); see also Matthews v. Euronet Worldwide, Inc., 271 F. App'x 770, 774 (10th Cir. 2008) ("[T]here is no support for a finding of pretext if the employer does not give inconsistent reasons, but instead merely elaborates on the initial justification for termination."); cf. E.E.O.C. v. Sears Roebuck & Co., 243 F. 3d 846, 853 (4th Cir. 2001) (finding significant to the issue of pretext that the defendant had the opportunity to provide to the EEOC during its investigation the legitimate, nondiscriminatory reason it offered at trial but failed to do so).

  Moreover, Timmons's explanation as to why she missed the meeting, which she attributes to her supervisor's failure to arrange for her to have transportation to the meeting as promised, does not establish that the Sheriff's Office's reason was pretextual.  Timmons's attempt to show that no one from the Sheriff's Office ever called her to arrange for transportation to the meeting does not establish that the reason given for her termination was untrue.  See Holland v. Washington Homes, Inc., 487 F.3d 208, 217-18 (4th Cir. 2007) (concluding that no reasonable juror could conclude the decision maker's reason was pretextual where the plaintiff's evidence "failed to address whether [the decision maker] did not honestly believe that the threats were made" and noting that " '[i]t is the perception of the decisionmaker which is relevant.' ") (quoting Tinsley v. First Union Nat'l Bank,



155 F.3d 435 (4th Cir. 1998)). Taking the facts in the light most favorable to Timmons, at best she could establish that discharging her for missing the meeting was unfair in light of the fact that her supervisor had informed her that he would arrange for transportation for her and did not follow through on that assurance.[3]  However, this evidence does not tend to show that the proffered reason was pretextual and that retaliation was the real reason for her discharge.  See id.; see also Merritt, 601 F.3d at 294 (stating that the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination' ") (quoting Burdine, 450 U.S. at 253); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ( "[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination.") (internal quotation marks and citations omitted).  While Title VII protects employees from discriminatory or retaliatory conduct, on this record a jury could not reasonably conclude that Timmons's termination was in retaliation for filing the 2006 EEOC Charge nearly ten months earlier.[4]  Merritt, 601 F.3d at 294-95 ("Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination."); cf. Warren v. Halstead Industries, Inc., 802 F.2d 746, 758 (4th Cir.

---

[3] Of course, the conclusion that an unfulfilled, gratuitous offer to provide transportation did not excuse Timmons's failure to fulfill her own obligation to attend the meeting would also be a reasonable one.

[4] Timmons appears to rely on the date that she received her right to sue letter to demonstrate temporal proximity; however, the relevant time for the determination of temporal proximity is the time between an employer's knowledge of protected activity and an adverse action.  In this case, the date of the employer's knowledge of the protected activity would be determined when the employer first found out about Timmons's charge, not the final disposition of the charge.  See, e.g., Wojcicki v. Aiken Technical College,  C/A No. 1:06-00461-MBS, 2011 WL 4549198, at *7 (D.S.C. Sept. 30, 2011) (citing Pascual v. Lowe's Home Ctrs., Inc., 193 F. App'x 229 (4th Cir. 2006)).



1986) (noting that close temporal proximity—in that case less than a month—combined with other relevant evidence can give rise to an inference of pretext).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment (ECF No. 79) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).