IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jackqulin Timmons, | ) | C/A NO. 3:09-652-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Richland County Sheriff's Office, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff Jackqulin Timmons ("Plaintiff") seeks recovery under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), from her former employer, Defendant Richland County Sheriff's Office ("Defendant"). Plaintiff asserts a claim that she was terminated in retaliation for filing a charge of discrimination with the South Carolina Human Affairs Commission in 2006. On March 31, 2011, Defendant filed a motion for summary judgment.

**BACKGROUND**

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2)(g), D.S.C., and which was filed on November 30, 2011. Dkt. No. 103. The Report recommends that the court grant Defendant's motion for summary judgment. *Id.* The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* Neither party has filed objections to the Report, which were due on December 19, 2011.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## CONCLUSION

The court has reviewed the parties' briefs, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the court grants Defendant's motion for summary judgment and dismisses Plaintiff's claim with prejudice.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 4, 2012

2